UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN ALLEN, JR., ET AL. | * | CIVIL ACTION |
| | * | NO. 11-1571 |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | SECTION "R" |
| | * | CHIEF JUDGE VANCE |
| ENTERGY LOUISIANA, L.L.C. d/b/a | * | |
| ENTERGY LOUISIANA, INC. | * | |
| | * | MAG. DIV. (5) |
| Defendant. | * | MAG. JUDGE CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO SECOND SUPPLEMENTAL AND AMENDED COMPLAINT
BY DEFENDANT ENTERGY OPERATIONS, INC.**

Defendant, Entergy Operations, Inc. ("EOI"), by and through its attorneys, hereby answers the Second Supplemental and Amended Complaint (the "Complaint") filed by plaintiffs Stephen Allen, Jr.; Ernest Brown, Sr.; Felicia Connor; Nathan Hills, III; Cynthia Johnson; James Kelly; Wayne Lacy; Merlin LeBouef; Steven Looney; Douglas Luke, Jr.; Rolando Martinez; Billy Mooring, Jr.; Jonathan Perry; Charles Ryan; Tharon Simon; Cynthia Robinson Singleton; Anthony Smith; Michael Stubbs; Douglas Valotta; Lee Vicks; and Picola Williams (collectively, "Plaintiffs") in the captioned matter as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required,

EOI admits Plaintiffs purport to bring this action pursuant to the Fair Labor Standards Act ("FLSA").

## JURISDICTION

2.

In response to Paragraph 2 of the Complaint, EOI admits this Court has jurisdiction over Plaintiffs' claims.

3.

The allegations contained in Paragraph 3 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent that a response is required, EOI admits that it conducts business in this district and that it employed Plaintiffs in this district, but denies the remaining allegations in Paragraph 3.

## PARTIES

4.

Except to admit that Plaintiffs currently are employees of EOI, EOI denies the allegations in Paragraph 4 of the Complaint.

5.

EOI admits that each Plaintiff is or has been an employee as that term is defined by 29 U.S.C. § 203(e).

6.

EOI admits that it is an employer as that term is defined by 29 U.S.C. § 203(d).

7.

In response to Paragraph 7 of the Complaint, EOI admits that it is a corporation and that it operates the Waterford 3 Nuclear Power Generation Station ("WF3"), a nuclear power

generation facility in Kilona, Louisiana. As operator of WF3, EOI employs individuals in its security department to provide security services at the site. Any allegations contained in Paragraph 7 of the Complaint not specifically admitted herein are denied.

8.

EOI admits the allegations contained in Paragraph 8 of the Complaint.

9.

In response to Paragraph 9 of the Complaint, EOI admits it hired Plaintiffs for various positions within the EOI security department at WF3. Any allegations contained in Paragraph 9 of the Complaint that are not specifically admitted herein are denied.

10.

In response to Paragraph 10 of the Complaint, EOI admits Plaintiffs are employed in the security department at WF3 and hold the job title of security shift supervisors at WF3. EOI also admits Plaintiffs do not have the ability to hire or fire other individuals. Any allegations contained in Paragraph 10 of the Complaint not specifically admitted herein are denied.

11.

EOI denies the allegations contained in Paragraph 11 of the Complaint.

**OVERTIME COMPENSATION**

12.

The allegations contained in Paragraph 12 are denied as stated.

13.

The allegations contained in Paragraph 13 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations in Paragraph 13 are denied as an incomplete statement of the law.

14.

The allegations in Paragraph 14 of the Compliant are denied as stated.

**WILLFUL VIOLATIONS OF THE FLSA**

15.

The allegations contained in Paragraph 15 of the Complaint are denied as stated.

16.

The allegations contained in Paragraph 16 of the Complaint are denied as stated.

17.

The allegations contained in Paragraph 17 of the Complaint are denied.

18.

The allegations contained in Paragraph 18 of the Complaint are denied.

19.

The allegations contained in Paragraph 19 of the Complaint are denied.

20.

EOI admits the allegations contained in Paragraph 20 of the Complaint.

21.

The allegations contained in Paragraph 21 of the Complaint are denied.

**CAUSE OF ACTION: VIOLATION OF THE FLSA**

22.

EOI incorporates by reference its responses to the preceding paragraphs as though set forth in full.

23.

EOI admits the allegations contained in Paragraph 23 of the Complaint.

24.

EOI admits the allegations contained in Paragraph 24 of the Complaint.

25.

EOI admits the allegations contained in Paragraph 25 of the Complaint.

26.

EOI denies the allegations contained in Paragraph 26.

27.

EOI denies the allegations contained in Paragraph 27 of the Complaint.

28.

EOI denies the allegations contained in Paragraph 28 of the Complaint.

29.

EOI denies the allegations contained in Paragraph 29 of the Complaint.

30.

EOI denies the allegations contained in Paragraph 30 of the Complaint.

31.

EOI denies the allegations contained in Paragraph 31 of the Complaint.

32.

EOI denies the allegations contained in Paragraph 32 of the Complaint.

33.

EOI denies each and every allegation in Plaintiffs' Complaint, as well as any inference there from, except as has been expressly admitted, and, for its affirmative defenses, avers as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against EOI upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are properly classified as exempt employees under the administrative exemption to the FLSA and, thus, are not entitled to overtime compensation for hours worked in excess of 40 during a workweek.

### THIRD AFFIRMATIVE DEFENSE

EOI avers that it acted in good faith and upon reasonable grounds.

### FOURTH AFFIRMATIVE DEFENSE

In the event that Plaintiffs are found to be non-exempt employees entitled to overtime compensation, EOI is entitled to an offset against such overtime compensation for any and all incentive compensation plans and bonuses paid to Plaintiffs for which Plaintiffs were not eligible, and to which Plaintiffs were not entitled, as non-exempt employees.

### FIFTH AFFIRMATIVE DEFENSE

EOI reserves the right to raise any additional affirmative defenses that may arise during these proceedings.

### PRAYER FOR RELIEF

**WHEREFORE,** defendant, Entergy Operations, Inc., prays that its Amended Answer and Affirmative Defenses be deemed good and sufficient and that, after due proceedings, there be judgment herein in favor of EOI and against Plaintiffs, with all costs and expenses of these

proceedings, including reasonable attorneys' fees and expert fees incurred by EOI, to be borne by Plaintiffs. EOI further prays for all general and equitable relief to which it may be entitled.

    Respectfully submitted,

    **BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, PC**


BY:        *s/Amelia W. Koch*
      AMELIA W. KOCH, T.A. (2186)
      JENNIFER McNAMARA (23946)
      KATHLYN G. PEREZ (30668)
      201 St. Charles Avenue, Suite 3600
      New Orleans, Louisiana 70170
      Telephone: (504) 566-5200
      Facsimile: (504) 636-4000
      E-mail: akoch@bakerdonelson.com
      E-mail: jmcnamara@bakerdonelson.com
      E-mail: kperez@bakerdonelson.com

          -and-

      RENEE W. MASINTER (19831)
      **ENTERGY SERVICES, INC.**
      639 Loyola Avenue, 22nd Floor
      New Orleans, Louisiana 70113
      Telephone: (504) 576-2700
      Facsimile: (504) 576-2106
      E-mail: amasint@entergy.com

    **ATTORNEYS FOR DEFENDANT,**
    **ENTERGY OPERATIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2012, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to:

> Rodney Glenn Cater, Esq. (gcater@caterlaw.com)
> Christopher Blaise Edwards, Esq. (chris.edwards501@yahoo.com)
> COUNSEL FOR PLAINTIFFS

and I hereby certify that I have mailed by United States Mail, postage prepaid, the document to the following non-ECF participants:

> **None**.

This the 10th day of January, 2012.

>> *s/Amelia W. Koch*
>> AMELIA W. KOCH