UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| STEPHEN ALLEN, JR ET AL. | CIVIL ACTION |
| VERSUS | NO. 11-1571 |
| ENTERGY OPERATIONS INC. | SECTION "H"(4) |

### ORDER AND REASONS

Before the Court are two Motions for the approval of settlements with Plaintiffs Wayne Lacy and Tharon Simon (Docs. 151, 153). For the following reasons, the Motions are GRANTED, the settlements are ACCEPTED, and the claims by Plaintiffs Wayne Lacy and Tharon Simon are DISMISSED WITH PREJUDICE.

### BACKGROUND

This is a multi-plaintiff action under the Fair Labor Standards Act ("FLSA") in which Plaintiffs allege that Defendant failed to compensate them for overtime hours worked. Plaintiffs are or were employed by Defendant Entergy

1

Operations, Inc. and all held positions as "Security Shift Supervisors" ("SSS") at the Waterford 3 nuclear plant in Killona, Louisiana (the "Plant").  Pursuant to the instant motions, the Defendant has reached a settlement with two of the 21 plaintiffs—Wayne Lacy and Tharon Simon.  Because this case arises under the FLSA, this Court must approve of the fairness of the settlement.[1]  For the following reasons, the settlement is accepted.

## LAW AND ANALYSIS

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."[2]  To pass muster, a settlement agreement must be both (1) the product of a bona fide dispute and (2) fair and reasonable.[3]  This Court will analyze the fairness of the settlement agreement at issue accordingly.

### A. Bona Fide Dispute

In determining whether a bona fide dispute exists, the court must look for a genuine dispute as to the defendants liability under the FLSA.  "This is because the provisions of the FLSA are mandatory, and not subject to

---

[1] *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] *Id.*

[3] *Id.*; *Domingue v. Sun Elec. & Instrumentation, Inc.*, CIV.A. 09-682, 2010 WL 1688793, at *1 (E.D. La. Apr. 26, 2010).

negotiation and bargaining between employers and employees."[4] The court should ensure that the settlement does not allow the employer to negotiate around the FLSA's mandatory requirements.[5] "[S]ome doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims."[6]

The parties in this matter dispute whether Plaintiffs should have been paid overtime payments in their positions as SSSs at the Plant. "Under the FLSA, employers must pay overtime compensation to covered employees who work more than forty hours a week."[7] However, pursuant to section 13(a)(1) of the FLSA, executive, administrative, and professional employees are exempt from this general rule.[8] Defendant contends that Plaintiffs are exempt from the overtime requirement as employees "employed in a bona fide administrative capacity." There has been significant dispute over the issue of Plaintiffs' classification, as well as other issues relating to the calculation of overtime payment. Indeed, there are currently six motions for summary judgment pending on these issues. This Court has no trouble finding that there is a genuine dispute between the parties as to whether the Defendant has violated FLSA. The parties have a bona fide dispute such that the settlement agreements at issue are not efforts by Defendant to skirt the mandatory requirements of the FLSA.

---

[4] *Domingue*, 2010 WL 1688793, at *1 (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718 (E.D. La. 2008) (internal quotations and alterations omitted)).

[5] *Collins*, 568 F. Supp. 2d at 719.

[6] *Id.* at 719–20.

[7] *Cleveland v. City of Elmendorf, Tex.*, 388 F.3d 522, 526 (5th Cir. 2004).

[8] 29 U.S.C. § 213; *Moore v. Hannon Food Serv., Inc.*, 317 F.3d 489, 492 (5th Cir. 2003).

## B. Fair and Reasonable

Although there are marked differences between a collective action under FLSA and a Rule 23 class action,[9] courts have found that the factors used in determining the fairness of a settlement under Rule 23 should be applied by analogy in considering the fairness of a settlement of a FLSA collective action.[10] These factors are: (1) The existence of fraud or collusion behind the settlement; (2) The complexity, expense and likely duration of the litigation; (3) The stage of the proceedings and the amount of discovery completed; (4) The probability of Plaintiffs' success on the merits; (5) The range of possible recovery; and (6) The opinions of class counsel, class representatives, and absent class members.

In light of these factors, this Court notes that this case has been pending since July of 2011 and is set for a 5-day bench trial in April 2016. At the time these settlements were reached, this case was only a few months from trial, extensive discovery had been undertaken and completed, and motions for summary judgment had been filed. All parties involved in these settlement agreements were represented by counsel in extensive negotiations over the course of several settlement conferences before a magistrate judge. Accordingly, after considering these factors and an in camera review of the settlement agreements, it is clear to this Court that the settlement agreements reached between the parties in this case are a fair and reasonable resolution to a bona

---

[9] *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916–19 (5th Cir. 2008).

[10] *E.g.*, *Collins*, 568 F. Supp. 2d at 721; *Liger v. New Orleans Hornets NBA Ltd. P'ship*, CIV.A. 05-1969, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009); *Altier v. Worley Catastrophe Response, LLC*, CIV.A. 11-241, 2012 WL 161824, at *13–14 (E.D. La. Jan. 18, 2012).

fide dispute.

## CONCLUSION

For the foregoing reasons, the Motions are GRANTED, the settlements are ACCEPTED, and the claims by Plaintiffs Wayne Lacy and Tharon Simon are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 11th day of February, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**