UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN ALLEN ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-1571**<br>**c/w 15-3219 &16-1575** |
| **ENTERGY OPERATIONS INC.** | **SECTION: "H"(1)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss Claims of Plaintiffs Nathan Hills, III and Douglas Luke, Jr. (Doc. 175). For the following reasons, the Motion is GRANTED.

### BACKGROUND

This is a multi-plaintiff action under the Fair Labor Standards Act ("FLSA") in which Plaintiffs allege that Defendant failed to compensate them for overtime hours worked. Plaintiffs are or were employed by Defendant Entergy Operations, Inc. and all held positions as "Security Shift Supervisors" ("SSS") at the Waterford 3 nuclear plant in Killona, Louisiana. The SSS position was treated as an exempt, salaried position, not entitled to overtime.

Plaintiffs allege that they are entitled to overtime payment under FLSA, while Defendant contends that Plaintiffs are exempt as administrative employees. In an Order dated February 17, 2016, this Court held that if a jury

1

finds that the Plaintiffs were misclassified, their compensation shall be calculated using the fluctuating work week method and the bonuses they received as exempt employees shall be offset against their overtime wage recovery.[1] Given these holdings, Defendant has filed the instant Motion arguing that two of the Plaintiffs, Nathan Hills, III and Douglas Luke, Jr., have no recoverable damages and their claims should therefore be dismissed.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.

---

[1] Doc. 158.
[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[3] *Id.*
[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 678.
[6] *Id.*
[7] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

This Court has previously ruled that if Plaintiffs are found to have been misclassified, their overtime damages will be calculated using the fluctuating work week method.[8] In addition, their recovery will be subject to an offset of the bonuses that they received while working as exempt, administrative employees through the Management Incentive Plan ("MIP") because they would not have been entitled to those bonuses if they had been properly classified as non-exempt.[9] Based on these rulings, Defendant now argues that even if Plaintiffs Hills and Luke are found to have been misclassified, the bonuses they received will exceed even their best case recovery.

Defendant's motion embarks on an exhaustive calculation of the possible recovery of Hills and Luke, as well as the MIP bonuses that they received. In determining the best possible recovery of Hills and Luke, Defendant calculated their overtime pay, any bonuses they would have been entitled to receive under the Teamsharing Incentive Plan ("TSIP") as non-exempt employees, and liquidated damages.[10] Defendant then offset the bonuses that Plaintiffs received under the MIP program against that number. Defendant's analysis ultimately arrived at the following numbers:

---

[8] Doc. 158.

[9] Doc. 158.

[10] FLSA states that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216 (West).

| Hills' Recovery Summary | |
|---|---|
| Best Case Scenario Overtime Pay | $ 20,977.95 |
| Liquidated Damages | $ 20,977.95 |
| TSIP Bonus Payments | $ 17,478.59 |
| MIP Bonus Offset | ($ 61,410.54) |
| **Best Case Recovery** | **($ 1,976.05)** |

| Luke's Recovery Summary | |
|---|---|
| Best Case Scenario Overtime Pay | $ 7,812.37 |
| Liquidated Damages | $ 7,812.37 |
| TSIP Bonus Payments | $ 6,450.50 |
| MIP Bonus Offset | ($ 23,619.24) |
| **Best Case Recovery** | **($ 1,544.00)** |

In both Hills's and Luke's situations, their MIP bonus exceeds their best possible recovery, leaving them without damages and therefore no justiciable claim. Plaintiffs do not dispute these numbers or Defendant's ultimate conclusion.

Plaintiffs instead raise one argument regarding the calculation utilized by Defendant. Plaintiffs argue that the MIP bonuses should be offset only against a recovery of overtime pay and not against liquidated damages. They argue that liquidated damages are a distinct and additional recovery for violations of FLSA to be awarded unless the employer can show that it acted in good faith and that such amount should be awarded after the MIP bonus has been offset.

Plaintiffs admit that there is little case law on this issue but point to two cases that they argue support their position. Ironically, Defendant also argues

4

that these cases support *its* position.  Plaintiffs point to language in *Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003), and *Martin v. Indiana Michigan Power Co.*, 292 F. Supp. 2d 947 (W.D. Mich. 2002), stating that an offset of unpaid overtime compensation cannot nullify an employee's right to liquidated damages.  On closer examination, however, these cases merely stand for the proposition that liquidated damages should be assessed prior to applying an offset of overtime wages already paid.  These courts were concerned with the defendants' attempts to avoid liquidated damages by paying the unpaid overtime wages on the eve of trial.  This is not at issue here, and Defendant properly calculated Plaintiffs' damages in accordance with these cases.  Defendant added liquidated damages to the unpaid overtime wages prior to subtracting the bonus offset.  These cases do not support an argument that liquidated damages should be added after a bonus offset is applied.

In addition, the purpose of liquidated damages under FLSA further supports Defendant's position.  The Supreme Court has stated that the provision for liquidated damages is not punitive, but rather:

> constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages. It constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being.[11]

Given this purpose, it is reasonable to offset the Plaintiffs' full recovery of overtime pay and liquidated damages with the MIP bonus.  Because Hills

---

[11] *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 718 (1945).

and Luke received amounts equal to the amount of liquidated damages in the form of an MIP bonus, there is no need to restore them to a minimum standard of living or compensate them for the delay.  The MIP bonus served to satisfy these functions.  Accordingly, this Court agrees with Defendant's calculation and therefore holds that the claims of Plaintiffs Hills and Luke must be dismissed because they have not suffered any damages. Plaintiffs therefore cannot prevail on their claims.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is GRANTED, and the claims brought by Plaintiffs Nathan Hills, III and Douglas Luke, Jr. are DISMISSED WITH PREJUDICE.  In addition, final judgment is ENTERED pursuant to Federal Rule of Civil Procedure 54(b) dismissing Nathan Hills, III and Douglas Luke, Jr., as this Court finds no just reason for delay.

New Orleans, Louisiana this 12th day of August, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**