UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STEPHEN ALLEN, JR.**                                      **CIVIL ACTION**

**VERSUS**                                                  **NO: 11-1571**

**ENTERGY LOUISIANA, LLC**                                  **SECTION: "H"**

## ORDER

Before the Court is Plaintiffs' Motion for Jury Trial under Federal Rule of Civil Procedure 39(b) (Doc. 212). Plaintiffs ask this Court to order a jury trial in this matter, relying in large part on the jury request in the formerly consolidated matters of *Davis et al. v. Entergy Operations, Inc.*, No. 2:15-cv-03219 and *Self v. Entergy Operations, Inc.*, No. 2:16-cv-01575. However, this matter is no longer consolidated with the *Davis* and *Self* matters,[1] and those actions have been amicably resolved.[2] Accordingly, Plaintiffs' primary argument—that Defendant is already preparing for a jury trials of identical cases—is mooted. Plaintiffs have not offered any additional sound reason to ignore their nearly six year delay in requesting a jury trial in this matter. Indeed, Plaintiffs' six year delay is largely unexplained. Ordering a jury trial this late in the pendency of this action and only a few months before trial would work considerable prejudice on Defendant, who has been preparing for a bench

---

[1] Doc. 216.
[2] No. 15-3219, Doc. 40; No. 16-1575, Doc. 13.

trial for the last six years, and would undeniably disrupt this Court's scheduling order.[3]

Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion for Jury Trial is **DENIED**.

New Orleans, Louisiana, on this 28th day of December, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[3] *See* Daniel Int'l Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990) (propounding "five factors that district courts should consider in the exercise of discretion under Rule 39(b): (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.").