UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN ALLEN ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-1571** |
| **ENTERGY OPERATIONS INC.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration of the Bonus Offset Issue (Doc. 210). For the following reasons, the Motion is DENIED.

## BACKGROUND

This is a multi-plaintiff action under the Fair Labor Standards Act ("FLSA") in which Plaintiffs allege that Defendant failed to compensate them for overtime hours worked. Plaintiffs are or were employed by Defendant Entergy Operations, Inc. and all held positions as "Security Shift Supervisors" at the Waterford 3 nuclear plant in Killona, Louisiana (the "Plant"). Plaintiffs contend that prior to 2009, security services at the Plant were outsourced to a

company that paid Plaintiffs an hourly wage and overtime. In 2009, Defendant opted to move security forces in-house and transformed those positions into exempt, salaried positions that were not entitled to overtime. Plaintiffs allege they were misclassified under the FLSA and are entitled to overtime pay.

In deciding a series of motions for summary judgment, this Court held that material issues of fact exist as to whether Plaintiffs were misclassified. It also held, however, that if Plaintiffs are determined to have been misclassified, the fluctuating workweek method applies to calculate their overtime compensation. Further, the Court held that any overtime payment awarded to Plaintiffs due to their misclassification shall be offset by bonuses they received as part of the Management Incentive Program (MIP).

As a result of these holdings, two Plaintiffs were left without any remaining justiciable issues, and this Court entered a partial judgment dismissing their claims. On appeal, the Fifth Circuit reversed this Court's grant of summary judgment on the fluctuating work week issue and remanded without addressing the bonus offset issue. Plaintiffs now ask this Court to reconsider its holding regarding bonus offset.

## **LEGAL STANDARD**

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and

liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[1] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration' governing final orders.'"[2]

## LAW AND ANALYSIS

In its prior Order and Reasons, this Court held that any bonuses received by Plaintiffs pursuant to the MIP must be offset against any overtime compensation they are awarded.[3] The MIP is Defendant's discretionary incentive bonus program, which is available only to certain management-level employees who are not entitled to overtime pay. The Court held that if Plaintiffs were misclassified, then they were not entitled to MIP payments and those bonuses were received in error. In so holding, the Court relied on Louisiana Civil Code article 2299 which states that "[a] person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it." The Court went on to state that:

> To allow Plaintiffs to recover overtime payments and retain MIP payments to which they would not have been entitled would be inequitable at best. FLSA is intended to make plaintiffs whole and avoid a windfall. Failure to offset the erroneous bonuses against

---

[1] Austin v. Kroger Texas, L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

[2] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. Appx. 829, 831–32 (4th Cir. 2011).

[3] Doc. 158.

any overtime due would result in a windfall to Plaintiffs, and summary judgment is therefore granted in Defendant's favor.[4]

Plaintiffs now ask this Court to reconsider this holding on the basis of what they believe to be new and critical evidence. Plaintiffs argue that new evidence has revealed that employees participating in the MIP program were also entitled to receive additional bonuses for "above and beyond contributions."[5] These additional bonuses could be awarded for taking extra shifts or working hours beyond what his or her salary required. Plaintiffs argue that because other employees were entitled to retain both MIP bonuses and additional bonuses sometimes given in recognition of working extra hours, they too should be entitled to keep both their MIP bonuses and overtime pay.

It is clear from the evidence presented, however, that the additional bonuses received by participants in the MIP were not FLSA overtime, even when they were given in recognition of working additional hours. These facts do nothing to change the basic underpinning of this Court's prior ruling—Plaintiffs are not entitled to MIP bonus payments if they are entitled to FLSA overtime payments. Indeed, if Plaintiffs were misclassified, as they argue they were, then they would not be entitled to either the MIP payments *or* these discretionary bonuses. The fact that other employees received discretionary bonuses for working additional hours is wholly irrelevant. Plaintiffs have not convinced this Court that it erred, and the Court maintains its prior holding.

---

[4] *Id.* at p. 20 (footnotes omitted).
[5] Having found that these facts do not change this Court's opinion, it need not address the parties' dispute regarding whether this evidence is actually new.

## **CONCLUSION**

For the foregoing reasons, the Motion for Reconsideration is DENIED.

New Orleans, Louisiana this 2nd day of January, 2018.

*[signature]*
_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**